**In the Matter of Dejuan L. BOUVEAN, Respondent.**

No. 98S00–1508–DI–479.

Supreme Court of Indiana.

Dec. 11, 2015.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Patrick J. Dietrick, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission opened an investigation after receiving an overdraft notice for Respondent's attorney trust account. The investigation revealed that from July 2013 to August 2014 Respondent commingled his personal funds with client funds and made dozens of disbursements and ATM withdrawals from the trust account that were not associated with, or for the benefit of, any client. Further, in 2013 Respondent kept no individual client ledgers of the money in his trust account, and in 2014 he kept insufficient client ledgers.

The hearing officer found the following facts in aggravation: (1) Respondent has demonstrated a pattern of misconduct; (2) Respondent has engaged in multiple disciplinary violations; and (3) Respondent has been the subject of multiple show cause proceedings. The hearing officer found no facts in mitigation.

**Violations:** The Court finds that Respondent violated the following rules governing professional conduct:

Ind. Professional Conduct Rule 1.15(a): Commingling client and attorney funds and failing to maintain and preserve complete records of client trust account funds.

Ind. Admission and Discipline Rules:

23(29)(a)(2): Failing to maintain and preserve clear record of date, amount, source, and explanation for funds held in trust.

23(29)(a)(3): Failing to maintain a ledger with separate records for each client with funds deposited in a trust account.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making withdrawals from a trust account using a debit card.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years, without automatic reinstatement, effective immediately.** At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures the causes of all suspensions then in effect, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and

(18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except DAVID, J., who dissents regarding the discipline imposed, believing that Respondent should be disbarred.